O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMERICA BANK, | CASE NO. 8:14-cv-186-JLS (JPRx) |
| Plaintiff, | |
| vs. | **ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (Doc. 9)** |
| SEA NINE ASSOCIATES INC., et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the Court is Plaintiff Comerica Bank's unopposed Motion for Preliminary Injunction. (Mot., Doc. 9.)[1] The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Accordingly, the hearing on the Motion, set for April 25, 2014, at 2:30 p.m., is VACATED. For the reasons set forth below, the Court GRANTS Plaintiff's Motion. The Court enters a preliminary injunction as set forth in the concurrently-filed Order.

## II. BACKGROUND

Plaintiff is the directed trustee for six trust funds. (Cliff Langwith Decl. ¶ 1, Doc. 9-8; Compl. Exs. A, B, Doc. 1.) The trust funds are the funding mechanism for six corresponding employer welfare benefit plans, which are sponsored by associations of employees and are used to purchase life insurance contracts. (Langwith Decl. ¶¶ 1, 3; Compl., Exs. A, C-G.) The plans are administered by Defendant Sea Nine Associates, Inc. (Langwith Decl. ¶ 1.) An individual, Kenneth Elliott, serves as Sea Nine's agent and manager, and sends directives on behalf of Sea Nine to Plaintiff. (*Id.* ¶ 5.)

The trust instruments and corresponding plan documents state they are voluntary employees' beneficiary association ("VEBA") programs. (*Id.* ¶ 3; *see, e.g.*, Compl. Exs. A, C.) The trust instruments and plan documents also state the trusts are intended to be tax-exempt under Internal Revenue Code section 501(c)(9), and be part of a multi-employer welfare benefit plan

---

[1] Default has been entered against all defendants in this action. (Doc. 18.)

within the meaning of section 419A(f)(6), such that participants' contributions would be tax deductible. (Langwith Decl. ¶ 3.)

On October 9, 2013, the United States Department of Justice filed a lawsuit against Sea Nine, Kenneth Elliott, and another individual, Ramesh Sarva, alleging that Sea Nine's programs do not comply with the Internal Revenue Code and contributions to the programs are not tax deductible. *United States of America v. Elliott*, SACV 13-1582-JLS (JPRx) ("DOJ Lawsuit"); (RJN Ex. A, Doc. 9-3.)[2] According to Plaintiff, the DOJ Lawsuit has caused a run on trust assets by participating employers, many of whom have made demands for withdrawal of trust assets accompanied by directives from Sea Nine ordering Plaintiff to comply. (Langwith Decl. ¶ 6, Ex. 1.)[3]

Plaintiff has concerns that the directives from Sea Nine are improper and unlawful, as a piecemeal distribution of trust assets may deplete the trusts and improperly deprive remaining participants of trust assets or VEBA benefits. (*Id.* ¶ 11.) This concern is based in part on the manner in which Sea Nine has administered the plans. (Mem. at 7, Doc. 9-1.) For example, Sea Nine has indicated to Plaintiff that several participating employers have not contributed sufficient amounts to the trust funds to cover their scheduled life insurance premiums, and the programs owe legal fees to law firms retained by Sea Nine in connection with ongoing IRS

---

[2] The Court grants Plaintiff's Request for Judicial Notice of filings from the DOJ Lawsuit. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

[3] Plaintiff states the demands are likely caused by Ramesh Sarva, a CPA who has sent letters to his clients advising them to withdraw from the trusts and threatening Plaintiff with legal action if it does not comply with the requests. (Langwith Decl. ¶¶ 7-8, Exs. 2, 3; *see also id.* Ex. 5.) The Department of Justice has sought a stipulated final judgment and permanent injunction against Sarva. (RJN Ex. D.)

examinations of the programs. (*Id*.; Langwith Decl. ¶ 9, Ex. 4.) Elliott, on behalf of Sea Nine, has also provided conflicting assertions as to how the plans should be managed. (Mem. at 8; Langwith Decl. Ex. 5.)

    Plaintiff filed the present action in response to the DOJ Lawsuit, seeking guidance as to, among other things, how to maintain and distribute trust assets, how to respond to Sea Nine's directives, and how to respond to customer requests. Plaintiff brings claims for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. section 2201; for declaratory and injunctive relief under the Employee Retirement Income Security Act, 29 U.S.C. section 1132(a)(3); for a petition for instructions and other relief under California Probate Code section 17200; and for an injunction under California Civil Code sections 3368, 3420, 3422 and California Code of Civil Procedure section 527. (Compl. ¶¶ 29-48.) The action is brought against Sea Nine and the trusts and plans for which Plaintiff is trustee. (*Id*. ¶¶ 10-13.)

    Plaintiff is holding participants' demands and Sea Nine's directives in abeyance until it receives guidance from the Court and the United States Department of Labor. (Langwith Decl. ¶ 12.) Plaintiff has reached out on multiple occasions to the Department of Labor, which has yet to provide substantive guidance. (Richard Darwin Decl. ¶ 3, Doc. 9-7.) Plaintiff has also spoken with the attorneys of record for the Department of Justice in the DOJ Lawsuit. (*Id*. ¶ 5.) Although Plaintiff has yet to receive substantive guidance from the Department of Justice, there apparently is a "consensus on the general issue that it is in the mutual interest of all parties to have an orderly disposition of the assets of the trusts . . . ." (*Id*.) Plaintiff has sent copies of the Complaint and this Motion to the Secretary of Labor, the Secretary of Treasury, the Department of Labor, the Department of Justice,

4

and participating employers in the VEBA plans for whom Plaintiff has a valid mailing address.[4] (*Id.* ¶ 4; Suppl. Richard Darwin Decl. ¶¶ 3-4, Doc. 21-1; Suppl. Cliff Langwith Decl. ¶¶ 3-4, Ex. 6, Doc. 21-2.)

Plaintiff brings this Motion to preserve and maintain trust assets while the rights of participating employers and beneficiaries are determined in an orderly manner. (Mem. at 3.)

## III. LEGAL STANDARD

To succeed on a motion for a preliminary injunction, a plaintiff must establish (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) the balance of equities tips in plaintiff's favor; and (4) an injunction is in the public interest. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. NRDC, Inc.*, 129 S. Ct. 365, 374 (2008)).[5] A plaintiff is required "to make a showing on all four prongs." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit employs the "serious questions" version of the "sliding scale" approach when applying the four-element *Winter* test. *Id.* at 1134. "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a

---

[4] These individuals and entities are not parties to this action. All defendants were served through their agent of process, Kenneth Elliott. (Doc. 7.)

[5] This Court has federal question jurisdiction and diversity jurisdiction. (*See* Compl. ¶¶ 5, 7, 8.) As Plaintiff's ERISA claim seeks injunctive relief, the Court applies federal law in determining whether to issue a preliminary injunction. The Court does not decide at this stage what law governs the plans. (*See id.* ¶¶ 30, 33.)

likelihood of irreparable injury and that the injunction is in the public interest." *Id*. at 1135.

## IV. DISCUSSION

The Court finds that preliminary injunctive relief is warranted. Plaintiff has demonstrated a likelihood of success on the merits of its claims, inasmuch as it has demonstrated a clear need for a determination of how trust assets are to be maintained or distributed under the present circumstances.

Plaintiff has also demonstrated a likelihood of irreparable harm. It is not clear whether the continued directives to withdraw from the trusts are proper, and acting upon these directives may deplete the trusts and prevent an equitable disbursement of trust assets among participants. *Cf. Johnson v. Couturier*, 572 F.3d 1067, 1081 (9th Cir. 2009) (lack of resources to satisfy judgment establishes likelihood of irreparable harm).

For the same reasons, the balance of the equities favors granting the preliminary injunction. The Court recognizes that some individuals may need to withdraw trust assets more urgently than others. (*See* Langwith Decl. Ex. 3 (letter from Sarva claiming certain employees "are under serious time constraint [sic] to come up with large tax payments . . . . All their savings are in the VEBA insurance policy.").) However, equity favors a fair distribution of trust assets among all participants—even if it takes time—as opposed to the "disorderedly collapse" of trust assets for the benefit of a small number of individuals and to the detriment of many. (Mem. at 14.)

The public interest would also be served by the preliminary injunction, as it would protect non-party plan participants by preserving trust assets. *See Sammartino v. First Judicial Dist. Court, in and for Cnty.*

*of Carson City*, 303 F.3d 959, 974 (9th Cir. 2002) ("The public interest inquiry primarily addresses impact on non-parties rather than parties.").

Accordingly, preliminary injunctive relief is proper.

## V. CONCLUSION

For the reasons stated above, Plaintiff's Motion is GRANTED. The Court concurrently enters a preliminary injunction.

**SO ORDERED.**

DATED: April 22, 2014

JOSEPHINE L. STATON
_____
HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE